# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05 CR 256-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DONALD RAY FOWLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard pursuant to a Memorandum filed by Angela Pickett, United States Probation Officer in the above entitled matter requesting that a bond review hearing be scheduled for the defendant. In the Memorandum, which was filed on June 23, 2006, Officer Pickett advised that the defendant had completed the Jail Based Inpatient Treatment Program. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Calvin Edward Coleman and that the Government was present through Assistant United States Attorney, Richard Edwards and from the evidence offered and the arguments of counsel and the records in this cause the undersigned makes the following findings:

**Findings**. On October 24, 2005 an indictment was filed in the above entitled cause alleging that the defendant had conspired with others to possess with intent to distribute a mixture or substance containing more than 500 grams of methamphetamine. On November 17, 2005 the undersigned entered an order detaining the defendant pending trial in this matter. The undersigned incorporates by reference the findings entered in that order. There has now been presented to the undersigned, by the defendant, evidence showing that the

defendant has completed the Jail Based Inpatient Treatment Program which is designed to assist persons who have used methamphetamine. It has been further presented to the undersigned that after completion of the program the defendant has continued to be involved in the program and has completed a substantial number of hours of treatment over and above that which is required. The defendant further presented evidence through his mother, Georgia Fowler. Ms. Fowler testified that she had resided in Cleveland County for over thirty-five years. Her husband, the defendant's father, is disabled and is at home at all times. Ms. Fowler has been employed by Spectrum Yarn for over eighteen years. Both Mr. & Mrs. Fowler are willing to act as third-party custodians for the defendant. Ms. Fowler stated that she would be happy to supervise the defendant in accordance with any terms and conditions of pretrial release that the court might issue in this matter.

**Discussion**. The undersigned has considered this matter, both in light of the requirements of 18 U.S.C. § 3143(a)(2) and also the factors that are required to be considered under 18 U.S.C. § 3142(g). The undersigned has determined to apply the lesser standard of factors as set forth under 18 U.S.C. § 3142(g). The undersigned has reviewed, in detail, the order that was filed on November 17, 2005. After considering all information in regard to this matter, the undersigned finds that the defendant's completion of the Jail Based Inpatient Treatment Program and the willingness of his mother and father to act as third-party custodians do not show a sufficient change of circumstances whereby the undersigned could set terms and conditions of pretrial release for the defendant. Ms. Fowler appears to be, from her testimony, a very fine person and a suitable person to supervise the defendant. However,

2

the defendant was the leader or "king-pin" in a methamphetamine distribution network that had over 50 person involved. The defendant made statements to officers stating that he was obtaining methamphetamine from a Mexican national. At the time of his arrest, the defendant was in possession of six to six and one half ounces of methamphetamine. The defendant, at the time of his arrest, had in his home several weapons, including rifles, shotguns and pistols. Co-defendants and informants had told investigating officers that many persons owed money to the defendant and that these person were fearful that the defendant would harm them concerning this indebtedness due to statements made by the defendant indicating this intent. The recommendation of the United States Probation Office recommends that the defendant remain in custody pending disposition of his case. Due to the nature of the offense charged, the defendant's previous record and concerns about safety of the community, the undersigned concurs with the recommendation of the United States Probation Office.

**ORDER**

IT IS, THEREFORE, **ORDERED** that after review of the issue of whether or not the defendant should be detained, that this court enter an order detaining the defendant pending further proceedings in this cause.

Signed: July 18, 2006

_____
Dennis L. Howell
United States Magistrate Judge